NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3207

RENE MELENDEZ, SR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

<u>Rene Melendez, Sr.</u>, of Stanton, Texas, pro se.

<u>Matthew H. Solomson</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were <u>Gregory G. Katsas</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Donald E. Kinner</u>, Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3207

RENE MELENDEZ, SR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070040-B-1.

_____

DECIDED:    October 15, 2008

_____

Before GAJARSA, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Rene Melendez ("Melendez") seeks review of the final decision of the Merit Systems Protection Board ("Board") concluding that the Board lacked jurisdiction over Melendez's appeal.  Melendez v. Dep't of Veterans Affairs, No. DA0752070040-B-1 (M.S.P.B. January 31, 2008).  We affirm.

BACKGROUND

This case concerns a removal pursuant to a last-chance settlement agreement ("settlement agreement").  Melendez was employed as a Supply Technician with the Department of Veterans Affairs ("agency").  The agency first sought to remove Melendez from his position effective June 19, 2004, for allegedly using Government equipment to send obscene material and placing inappropriate graphic images on his

computer. Melendez appealed to the Board. This appeal was resolved by a settlement agreement in October 2004.

The settlement agreement states that "Mr. Melendez agrees that any action on his part that would support the proposal of any type of disciplinary action will result in the reinstatement of the removal." The agreement further states that, if the agency reinstates the removal pursuant to the agreement Melendez "waives his right to challenge the removal . . . ." In a letter dated August 21, 2006 and effective on the same day, Melendez was removed for "Disrespectful Conduct," including "inappropriate comments to and about females while on the telephone. This reported conduct is considered to be inappropriate within this facility and a violation of the no tolerance standard for any actions that could be considered sexual harassment of [sic] creation of a hostile work environment."

Melendez appealed to the Board. On December 14, 2006, the Administrative Judge ("AJ") issued an initial decision dismissing the appeal as untimely filed. Melendez v. Dep't of Veterans Affairs, M.S.P.B. Docket No. DA-0752-07-0040-I-1. On review, the full Board held that the appellant's appeal was timely filed, and remanded. Melendez v. Dep't of Veterans Affairs, 106 M.S.P.R. 128 (2007). On remand after a hearing, the AJ issued an initial decision on October 1, 2007, dismissing the appeal for lack of jurisdiction because Melendez had engaged in Disrespectful Conduct and was appropriately removed pursuant to the settlement agreement. Under the terms of the agreement, Melendez had thereby waived his right to appeal to the Board; this waiver divested the Board of jurisdiction.

The full Board denied review, and the initial decision of the AJ became the final decision of the Board. Melendez timely sought review in this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). In addition, "credibility determinations are virtually unreviewable." Chambers v. Dep't of Interior, 515 F.3d 1362, 1370 (Fed. Cir. 2008) (internal quotation omitted).

On appeal, Melendez argues that the Board's factual findings were unsupported by substantial evidence, and that Melendez did not engage in Disrespectful Conduct. We find that the Board's findings and conclusions were supported by substantial evidence.

At the hearing, two of Melendez's coworkers testified that Melendez made a number of comments such as "what race are you?"; "are you married?"; "girl, don't make those sounds so early in the morning"; "what size pants do you wear?". Melendez did not deny making those comments and admitted that he "might have been flirtatious" when speaking with some vendors. The Board credited the testimony of Melendez's coworkers and found that Melendez made the comments. The Board's determination that Melendez made the statements in question is supported by substantial evidence.

Melendez argues that these complaints had already been addressed in a meeting in March 2006, and therefore could not form the basis for his removal. The

Board credited testimony from supervisors that the purpose of the meeting was not disciplinary. This finding is support by substantial evidence.

Finally, Melendez argues that the Board's decision is inconsistent with the decision of the Texas Workforce Commission that "it had been determined shortly after the incident that [Melendez] had not done anything wrong" and was not removed for cause. The Board noted that "apparently no witnesses testified on behalf of the agency before the Commission." The Board is not bound by factual findings or legal conclusions of the Texas Workforce Commission.

Melendez argued that the agency acted in bad faith because the complaints were the result of a conspiracy to get him fired. Melendez offered the testimony of a coworker who stated that she was approached by the complaining coworkers and asked to help in gathering information on which to base a complaint against Melendez. Melendez argued that this demonstrated a conspiracy against him. However, as discussed above, the Board found that the complaints against Melendez were true, rather than fabricated in bad faith. This finding is supported by substantial evidence.

In summary, the Board is without jurisdiction to hear this appeal.

The decision of the Board is <u>affirmed</u>.

COSTS

No costs.